David Berten (*pro hac vice* application granted)
Alison A. Richards (*pro hac vice* application granted)
GLOBAL IP LAW GROUP, LLC
55 West Monroe Street, Suite 3400
Chicago, IL 60603
312-241-1500
dberten@giplg.com
arichards@giplg.com

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Rich Media Club LLC, a Florida Limited Liability Company,<br><br>    Plaintiff,<br>vs.<br><br>Duration Media LLC, a Delaware company headquartered in Arizona,<br><br>    Defendant. | Case No. 2:22-cv-02086-PHX-JJT<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S OPPOSED MOTION TO STAY PENDING DIRECTOR REVIEW AND RESOLUTION OF DIFFERENT INTER PARTES REVIEW** |

**A. Introduction**

Based on its unique technological inventions, Plaintiff Rich Media Club and its affiliated company, RealVu, built a successful business selling internet ads. Because Defendant Duration had no technology of its own, it needed plaintiff's technology to sell ad space. At first Duration licensed technology from Patent Owner, but then Duration decided to discontinue that and instead took steps to simply copy the patented technology that it had been licensing from the Plaintiff.

Trying to stop Defendant's infringement, Plaintiff filed this case in 2022 alleging that Defendant Duration infringed, and continues to infringe, U.S. Patent No. 11,443,329 ("the '329 Patent")  In May 2023, Defendant Duration filed a Petition for inter partes review, asking that the USPTO's Patent Trial and Appeal Board ("PTAB") invalidate Plaintiff's '329 patent claims. Despite the timing of Defendant's IPR (well after Plaintiff filed its Complaint), Plaintiff cooperated and agreed to delay this case for the purpose of judicial economy. Dkt. No. 34.  The following facts were essential to—and set forth in—that agreed motion to stay:

> "a decision on the institution is expected on or before September 9, 2023."
>
> and
>
> "If the IPR is instituted, the IPR process is expected to take at least 12 months to complete following the institution decision."

See Dkt. No. 34 ¶¶ 9-10.  The IPR was instituted and litigated through a PTAB trial. On August 7, 2024, the PTAB issued its Final Written Decision in the IPR, "Determining No Challenged Claims Unpatentable," and thus declining to invalidate the claims of Plaintiff's '329 patent at issue in this case.

1

Thus, Defendant Duration has had its chance to choose its preferred forum to determine the validity of the '329 patent and that forum has reached a Final Written Decision. This determination will either reduce or eliminate any remaining validity challenges in this Court, and with the Court already having determined that the patent is subject matter eligible, the remaining issues are primarily infringement, damages, and injunctive relief. This district court litigation should not be further delayed and should now go forward to address the narrowed issues that remain. One of the inventors of the '329 patent, Brad Krassner, who is also plaintiff's CEO and founder, is already 73 years old.

The availability of injunctive relief is particularly relevant. Although Defendant's motion incorrectly represents that "Plaintiff is able to seek full relief for any (if found) infringement via monetary damages," Plaintiff asked for the entry of an injunction, and only an injunction can stop Defendant Duration from further violations of Plaintiff's rights, which remain ongoing. E.g. Dkt. No. 20 p. 22 (asking the Court to "enter[] an injunction preventing Duration Media from continuing to infringe the '329 Patent.").

**B. That after the USPTO's Final Written Decision on Its IPR, Defendant *Requested* USPTO Director Review, Is Not a Reason to Continue the Stay**

On August 16, 2024, after the Final Written Decision in the '329 IPR proceedings, Defendant Duration filed a Petition for Director Review of the PTAB's Final Written Decision. As of February 2024, USPTO data shows that when a party to an IPR requests Director Review, the USPTO has only granted Director Review in response to only 5.3%

of the requests.[1]  That there is such a low percentage probability that the Director will even decide to review the decision (much less the substantive outcome) means that asking for the discretionary Director review is not a reason to re-enter a stay.

Second, unlike the IPR itself, the timing of the Director review is not regulated.  It could last for an unknown duration. Defendant's motion to extend the stay in this case represents:

> "Duration expects the decision of Director Review of the '329 IPR decision to be issued by November of 2024."

Dkt. No. 42 p. 4 ¶ 16. In reality, however, there are no deadlines for the Director to decide whether to grant or deny a party's request for Director Review, and not deadlines for how long the review itself will take if it is initiated.  The PTAB's website on the revised interim Director Review process confirms that there are no such deadlines: "The USPTO strives to provide timely consideration of Director Review requests. The amount of time it takes to reach a decision depends on the complexity and number of issues raised."[2]  And just making the first determination can take four months or even six months. *See* IPR2019-01668 (190 days to deny request for Director review) and IPR2023-00861 (130 days to grant a request for Director review).  It is not reasonable to wait an unknown number

---

[1] See https://www.crowell.com/en/insights/client-alerts/update-on-director-review-grants-of-ptab-decisions-25-years-after-arthrex , which is based on the USPTO's published data.

[2] On September 30, 2024, the PTAB adopted a Final Rules Governing Director Review of Patent Trial and Appeal Board Decisions. https://www.federalregister.gov/documents/2024/10/01/2024-22194/rules-governing-director-review-of-patent-trial-and-appeal-board-decisions.  The final rules are not effective until October 31, 2024.

3

months to find out *if* the Director is going to undertake review, much less to the additional unknown amount of time *to conduct* any such review.

In sum, any Director's Decision about the substance of the '329 IPR decision will certainly not be issued by November of 2024 and most likely even the decision about whether there will even be any Director Review will likely not be issued by November 2024. Additionally delays of unknown duration are prejudicial to the plaintiff, as infringement is ongoing.

**C. That The Defendant Filed another IPR on a Different Patent In a Different Case Is Not a Reason to Continue to Stay this Case**

When Duration demurred about adding a second patent to this case, Plaintiff filed a second case, alleging patent infringement of U.S. No. 11,741,482 ("the '482 Patent") against Duration, on September 19, 2023. *See* D. Arizona Case No. 2:23-cv-01967-SPL. Using mostly different references than it used in the unsuccessful '329 IPR, Defendant Duration filed an IPR on the '482 patent on May 17, 2024. RMC filed its Patent Owner's Preliminary Response at the PTAB on September 3, 2024. A decision about whether the PTAB will institute the IPR process is expected no later than December 3, 2024. As underscored by Duration's reliance on different references in the two IPRs, the PTAB's decisions about the validity of the two patents in the two cases are independent of each other.

Even though the USPTO has not yet decided whether it will grant Defendant's request for an IPR on the '482 patent, Plaintiff again agreed to a stay in that case pending the IPR decision on the '482 patent.

Based on the parties jointly committing a single inadvertent oversight—failing to file a joint an IPR status report—the district court dismissed '482 patent case was on September 26, 2024.  Thus, at present, there is no case pending regarding the ''482 patent that provides a reason to stay this case.  23-cv-01967 Dkt. No. 45. The parties have therefore now filed an Unopposed Motion to Reinstate Case, Set Aside Dismissal Order, and Extend Stay until December 10, 2024 Based on Inadvertence.  23-cv-01967 Dkt. No. 47.

If the '482 case is reinstated, it will provide no basis to stay this separate case because the two cases involve different patents and different claims. Despite Defendant pasting claim 1 from each patent side by side into its motion, Defendant has not identified *any* issue that the pending institution decision for that '482 patent could effect for the post-IPR infringement and damages analysis for the '329 patent in this case. Having already agreed to stay this case during the pendency of the IPR on the patent in this case, it would be unfair to stay this case during the pendency of the IPR on a patent in a different later case.

Finally, Defendants' motion represents that "the parties have yet to conduct the Rule 26(f) conference" but the conference has now been conducted and the parties have exchanged schedules in this case.  The parties will soon file their joint report with the Plaintiff requesting a trial date in 2025.  Progress toward the resolution of this case should not be further delayed.

Dated:  October 11, 2024                     **Global IP Law Group, LLC**

By: */s/ David Berten*
David Berten
Alison A. Richards
Global IP Law Group, LLC
55 West Monroe Street, Suite 3400
Chicago, IL 60603
(312) 241-1500

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I certify that on October 11, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter.

*/s/ David Berten*