Victor C. Johnson (*pro hac vice* granted)
James D. Tuck (*pro hac vice* granted)
**DENTONS US LLP**
100 Crescent Court, Suite 900
Dallas, Texas 75201
(214) 259-0900
*victor.johnson@dentons.com*
*james.tuck@dentons.com*

Joel N. Bock (*pro hac vice* granted)
**DENTONS US LLP**
101 JFK Pkwy
Short Hills, New Jersey  07078
(973) 912-7274
*joel.bock@dentons.com*

Erin E. Bradham (AZ Bar No. 02287)
**DENTONS US LLP**
2398 E. Camelback Road, Suite 850
Phoenix, Arizona 85016
(602) 508-3900
*erin.bradham@dentons.com*

**Attorneys for Duration Media LLC**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **RICH MEDIA CLUB LLC,** | § § § | **Case No. 2:22-CV-02086-PHX-JJT** |
| **Plaintiff,** | § § § | **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY PENDING DIRECTOR REVIEW AND RESOLUTION OF RELATED *INTER PARTES* REVIEW [DKT. 42]** |
| **vs.** | § § § | |
| **DURATION MEDIA LLC,** | § § § | |
| **Defendant.** | § § | |

## I. **INTRODUCTION**

Defendant Duration Media LLC ("Duration") files this "Reply" in support of its opposed motion ("Motion") (Dkt. 42) to stay this case (alternatively, to continue the stay if not automatically lifted on September 13, 2024).  The stay is requested pending (1) the decision and resolution of a petition for Director Review of a Final Written Decision for an *Inter Partes* Review of the patent-at-issue in this case, U.S. Patent No. 11,443,329 (the "'329 Patent")[1]; and (2) resolution of a forthcoming Director's review of the institution decision for the *Inter Partes* Review of U.S. Patent No. 11,741,482 (the "'482 Patent"),[2] which is substantially similar to the '329 Patent and presents similar or identical issues. Plaintiff Rich Media Club LLC'S ("RMC") "Response" (Dkt. 43) in opposition leaves out critical details that alter the analysis of Duration's Motion and relies on irrelevant arguments to distract from a proper analysis of Duration's Motion.

Plaintiff Rich Media Club LLC's ("RMC") Response (Dkt. 43) in opposition omits critical details that are highly relevant to the analysis of Duration's Motion and instead relies on irrelevant arguments to distract from a proper analysis.  First, RMC fails to address the strength of the dissent in the Inter *Partes* Review challenging the validity of certain claims of the '329 Patent before the Patent Trial and Appeal Board ("PTAB") (the "'329 IPR").  Notably, the dissenting Judge explicitly identified how the majority's opinion violated the Administrative Procedures Act ("APA"). Second, the purported success rate for Director's review of a final

---

[1] In the event the Director Review is denied, Duration intends to appeal the decision to the Federal Circuit, which would be a further basis to continue the stay.

[2] After Duration's Motion was filed, the Board declined to institute the '482 IPR. (Dkt. 44). Duration intends to seek Director's review of this decision and appeal it to the Federal Circuit if necessary.

written decision is irrelevant. If granted, the Director Review would directly affect the merits of this case. Thus, a further delay does not cause Plaintiff any harm or prejudice. This is especially true whereas here, in response to Duration's petition, the Director has offered RMC the opportunity to file a response to address the issues raised in the petition, something that, to Duration's knowledge, is unprecedented and a first. Third, RMC's arguments regarding the different prior art asserted in the petition for *Inter Partes* Review challenging the validity of all claims of the '482 Patent (the "'482 IPR") is a mere distraction from Duration's actual argument. The '329 Patent and the '482 Patent are substantially related, such that any decision on the validity of one patent is going to have a material impact on the validity of the other.

For these reasons that will be further detailed below, Duration's Motion should be granted.

## II. **ARGUMENTS**

### A. **RMC's Response fails to Address the Substance of the Dissent in the Written Decision and Omits the Director's Unprecedented Request for RMC to Respond.**

In its Response, RMC cites alleged statistics of the success rate of petitions seeking Director's review, attempting to demonstrate success in Duration's favor is unlikely. However, this purported success rate is irrelevant for two reasons. First, some petitions are indeed granted, and if this one is granted, the Director Review would directly affect the merits of this case. Second, the strength of the dissenting arguments in the Written Decision for the '329 IPR, which Duration asserted in its petition for Director Review of a Final Written Decision, suggests an increased likelihood of obtaining a favorable outcome from the Director's review. The historical success rate fails to account for the specific merits of Duration's petition, which are particularly compelling in this instance.

The dissent in the '329 IPR highlighted three critical issues relevant to Duration's Motion. First, the majority's distortion of the language in U.S. Pat. No. 7,725,502 ("Badros") regarding the "viewability test" lacks textual basis to support an assertion that Badros does not actually means what it says. *Duration Media LLC v. Rich Media Club LLC*, IPR2023-00953, Paper 74, at 2-13 (PTAB Aug. 19, 2024) (J. Easthom Dissenting). Second, the majority inappropriately disregarded relevant evidence submitted in a reply to a new argument raised by RMC in its Response, contrary to 37 C.F.R. § 42.53.d.5.ii (stating that for "cross-examination testimony, the scope of the examination is limited to the scope of the direct testimony"). *Id*., at 3-4. Third, the majority's failure to provide reasoned decision-making violated Duration's rights under the APA. *Id*. at 8-14.

Regardless of historical success rates, Duration's arguments are compelling enough that the Director's office took the unprecedented step of requesting RMC to respond to Duration's petition.[3] To Duration's knowledge this has never occurred before and is indicative of the strength of Duration's arguments.

Moreover, RMC's arguments regarding the timeframe are unavailing. A decision on the Director's review is likely to occur *before* the appeal process for the institution decision for the '482 IPR is exhausted.  Thus, even if RMC receives a favorable outcome from the Director's review, it will need to await the resolution of the appeal process for the '482 IPR institution decision and its follow-on effects at the very least.

---

[3] RMC submitted their response to the Director on October 15, 2024. *Duration Media LLC v. Rich Media Club LLC*, IPR2023-00953, Paper 76 (PTAB Aug. 19, 2024)

US_ACTIVE\128104508\V-1

Consequently, RMC will not be unduly prejudiced by having a stay instituted (or continued) pending the outcome of the Director's review of the Written Decision of the '329 IPR.

**B. RMC's Strategic Decision to Forgo a Preliminary Injunction Undermines its Prejudice Argument.**

RMC's arguments regarding prejudice are not persuasive either. In Duration's Motion, it pointed out that RMC can "seek full relief for any (if found) infringement via monetary damages." (Dkt. 42, at 9 (citing and quoting *Extremity Med. LLC v. Fusion Orthopedics LLC*, No. CV-22-000723-PHX-GMS, 2023 U.S. Dist. LEXIS 220692, *5-6 (D. Ariz. Dec. 12, 2023)). RMC counters by asserting that, in addition to monetary damages, it is also seeking an injunction. (Dkt. 43, at 2). Implying that any unnecessary delay in stopping Duration's alleged infringement of the '329 Patent will cause harm beyond money compensation. However, RMC's analysis is incomplete and flawed.

First, RMC does not provide any evidence or arguments as to how or why it will be prejudiced by a stay. *See Blast Motion v. Zepp Labs*, 2016 U.S. Dist. LEXIS 195639, at *12 (S.D. Cal. 2016) (noting that the plaintiff had provided at least some evidence such as loss of market share and price erosion to demonstrate how it would suffer if a stay was granted). Notably, RMC's Response does no assert that it directly competes with Duration in the market. Courts generally hesitate to grant stays when parties are not direct competitors. *See id.* ("Courts are hesitant to grant a stay if the parties are direct competitors."); *see also VirtualAgility Inc. v. Salesforce.com, Inc*., 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("[C]ompetition between parties can weigh in favor of finding undue prejudice.").

US_ACTIVE\128104508\V-1

Second, even if Duration and RMC were direct competitors, RMC has not moved for a preliminary injunction in either lawsuit against Duration. This case was initiated on December 9, 2022, almost two years ago. (Dkt. 01). The second lawsuit alleging infringement of the '482 Patent was initiated on September 19, 2023, which was over a year ago. (Dkt. 42-2). RMC's failure to seek an injunction during this extended period significantly undermines its alleged "prejudice" arguments. *See Blast Motion,* 2016 U.S. Dist. LEXIS 195639, at *12-13 (finding that "[p]laintiff's failure to pursue a preliminary injunction undermines its position that monetary damages are insufficient").

While RMC notes that it included a request for an injunction in its "Original Complaint" (Dkt .42, at 2), it has had ample time to take affirmative steps to address the alleged prejudice. It is disingenuous for RMC to now argue that Duration should bear the consequences of its own strategic decisions.

Accordingly, Duration's point remains valid: RMC will not suffer any undue prejudice if the stay is granted because it is capable of obtaining full relief through monetary damages.

### C. RMC's Fails to Address Duration's Arguments About the '482 IPR Impact.

RMC's Response focuses on the different prior art asserted in the '329 IPR and '482 IPR. (Dkt. 43, at 4).  This argument misses the core issue: the '329 Patent and '482 Patent share essentially the same specification and substantially similar claims, as evidenced by the several (direct and indirect) terminal disclaimers required to overcome double patenting rejections during prosecution. (Dkt. 42, at 8). The use of different prior art in the IPRs does not diminish this fundamental similarity between the patents.

The prior art relevant to the validity of the '482 Patent will also bear on the validity of the '329 Patent and vis versa, regardless of the '482 IPR's outcome. RMC's Response neither addresses nor undermines this critical point. *Sonics, Inc. v. Arteris, Inc*., 2013 U.S. Dist. LEXIS 17524, at *9 (N.D. Cal. 2013)[4] (considering the overlapping issues between the patents undergoing post-grant review and the patents-in-suit not under a post-grant review, and determining the resolution of the post-grant review proceedings would be highly beneficial in streamlining the issues before the court, so a stay was appropriate).

 RMC's final argument that the '482 Patent case's potential reinstatement rests on speculation. The court dismissed that case after RMC failed to notify the court that the parties were awaiting an institution decision on the '482 IPR, as required by the stay order. RMC's assumption about reinstatement and a favorable outcome in the appeal process of the institution decision amount to mere wishful thinking, particularly given the applicable caselaw.

Moreover, the current procedural posture supports granting a stay.  While the Rule 26(f) has occurred in this case, the '482 Patent case had already progressed through some discovery and reached claim construction briefing before its dismissal. Staying this case would align the proceedings temporally. Nothing that RMC argues in its Responses undermines Durations assertion: the most efficient and streamlined use of judicial and party resources supports staying this case pending both the exhaustion of the appeal process for the '482 IPR and the Director's Review of the '329 IPR Written Decision.

---

[4] The analysis in the *Sonics* is directly relevant here, and RMC's Response makes no attempt to distinguish this case.

III.      **CONCLUSION**

In view of the foregoing, Duration's motion requesting the Court stay the '329 Case (alternatively, continue the stay if not automatically lifted on September 13, 2024) pending the decision and resolution of a petition for Director Review of the '329 IPR's Final Written Decision and, further, resolution of the appeal process of the institution decision for the '482 IPR should be granted as it promotes judicial efficiency, prevents potentially inconsistent outcomes, and causes no undue prejudice to RMC.

Dated:  October 18, 2024                        Respectfully submitted,

                                                **DENTONS US LLP**

                                                 _/s/ Victor Johnson_
                                                Victor C. Johnson (*pro hac vice* granted)
                                                James Tuck (*pro hac vice* granted)
                                                100 Crescent Court, Suite 900
                                                Dallas, TX 75201-1858
                                                Phone:  (214) 259-0900
                                                *victor.johnson@dentons.com*
                                                *james.tuck@dentons.com*

                                                Erin E. Bradham (AZ Bar No. 02287)
                                                2398 E. Camelback Road, Suite 850
                                                Phoenix, Arizona 85016
                                                (602) 508-3900
                                                erin.bradham@dentons.com

                                                Joel N. Bock (*pro hac vice* granted)
                                                101 JFK Pkwy
                                                Short Hills, New Jersey  07078
                                                (973) 912-7274
                                                *joel.bock@dentons.com*

                                                **Attorneys for Defendant**
                                                **Duration Media LLC**

                                        **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's CM/ECF system on this the 18th day of October, 2024.

 */s/  Victor Johnson*
Victor Johnson

US_ACTIVE\128104508\V-1